JOHN F. SHANNON and another, appellants,

*v.*

DANIEL C. WATT, respondent.

[Submitted March term, 1917.    Decided June 18th, 1917.]

The amendment of 1876 to the Married Woman's Property act (*Comp. Stat. p. 3230 pl. 8a*) supersedes the proviso in section 9 of the act of 1874 (*Comp. Stat. p. 3235 pl. 9*) as well as the provisions of section 14 (*Comp. Stat. p. 3237*) in the cases to which it is applicable; in such cases a married woman may devise lands free of any curtesy of her husband.

---

On appeal from a decree advised by Vice-Chancellor Griffin, whose opinion is reported in *87 N. J. Eq. 142*.

The bill seeks to enjoin actions of ejectment. Mary J. Watt, wife of the defendant, died seized. She and the defendant were married in 1889 and had a child. In 1908, on the wife's complaint, she obtained a judgment in the supreme court of New York, whose jurisdiction is not questioned, separating her from the bed and board of the defendant forever; thereafter and until her death, she and her husband lived in a state of separation under that judgment. Mrs. Watt, by a will made October 30th, 1914, devised the real estate in question to the appellants. Probate of the will was resisted, although apparently not by the husband; the will was sustained both in the orphans court and the prerogative court; there is nothing to show that there was an appeal to this court. The husband brought the ejectment

suits, relying on an alleged estate by the curtesy; the appellants answered setting up that the devise to them was free of the curtesy by virtue of the amendment of 1876 to the Married Woman's Property act. *P. L. 1876 p. 18; Rev. 1877 p. 639 pl. 18; Comp. Stat. p. 3230 pl. 8a.* It is not claimed that the property in suit came to Mrs. Watt by gift through or from her husband. While the actions at law were pending, the defendants therein, now the appellants, apparently thinking that, even if their view of the statute was upheld, it would be open to the plaintiff in the ejectment suit to question whether the will was valid or not, filed this bill. The equity on which they rely is an oral promise made in open court in the New York action, recited in the findings of fact and made part of the judgment, by which the defendant agreed to release his interest as tenant by the curtesy in all his wife's real property as well that she then had as that she might subsequently acquire, and to execute all instruments and conveyances necessary to carry into effect such releases whenever he might be requested by his wife so to do. Substantially, the bill is a bill for specific performance of the contract and for the enforcement of the judgment. Upon motion the chancellor dismissed the bill for want of equity. The appeal is from this decree.

*Mr. Marshall W. Van Winkle,* for the appellants.

*Mr. Walter L. McDermott* and *Messrs. Runyon & Autenreith,* for the defendant.

The opinion of the court was delivered by

SWAYZE, J.

.The first question to be decided is what is the effect of the devise in Mary F. Watt's will. This depends on the effect of the act of 1876, now printed in the compiled statutes, page 3230, *placilum 8a.* The case is clearly within the language of the act. Mrs. Watt was a married woman, living in a state of separation from her husband, under and by virtue of the judgment of the supreme court of New York founded upon her application for

the separation. The devise of the lands to the appellants was made during the continuance of the separation, and the lands did not come to her by gift through or from her husband. In such a state of facts the statute says in so many words that she may devise "in the same manner and with the like effect as if she were sole and unmarried." Obviously, if this statute is effective, the devise must be free of any curtesy of the husband; otherwise it would not have the like effect as if the testatrix were sole and unmarried. The husband's contention, however, is that section 9 of the Married Woman's Property act, as revised in 1874 (*Revision of 1877 p. 638*), enacts that

"Nothing herein contained shall be so construed as to authorize any married woman to dispose by will or testament, of any interest or estate in real property to which her husband would be, at her death, entitled by law; but such interest or estate shall remain and vest in the husband in the same manner as if such will had not been made."

This statute was approved March 27th, 1874. By section 6 it authorizes a married woman living in a state of separation from her husband under or by virtue of the final judgment or decree of a court, during the continuance of the separation, to sell, release, transfer and convey any interest, estate or right in real property in the same manner and with the like effect as if she were sole and unmarried, but expressly provides that such sale, conveyance or release shall not affect any estate or right her husband might then have in such property. There was no inconsistency between section 6 and section 9 of the act of 1874. The proviso of section 9 was applicable only in case of a devise by a married woman, and no devise was authorized by section 6, which, moreover, was as carefully drawn as section 9 to save the rights of the husband.

In 1875, the legislature saw fit to introduce a change. *P. L. 1875 p. 52.* The act is in two sections, the first authorizing a married woman under the specified circumstances to convey, mortgage, lease or devise as if sole and unmarried; the second authorizing a married man under the same circumstances to convey, mortgage, lease or devise. There was a clerical error in the first section caused by the omission of the word "except." This

error was corrected by the act of 1876 above recited. The important change was the insertion of the word "devise." This word can only have effect if the act of 1876 supersedes the proviso in section 9 of the act of 1874, in the cases to which it is applicable. The proviso still is law as to all other cases and constitutes the usual rule; it is not since 1876 applicable to the cases, fortunately few in number, which fulfill the special conditions of that act. The same reason makes section 14 of the act of 1874 inapplicable to cases arising under the act of 1876. This case, as we have said, is within the special conditions of the act of 1876; and Mrs. Watt might therefore devise with the like effect as if she were sole and unmarried, *i. e.,* free of any curtesy of her husband.

It follows from this that the defendants in ejectment, now appellants, have a complete defence at law, if Mrs. Watt's will is valid, as it has been held to be by the orphans court and the prerogative court. If that will should be questioned in the ejectment suits, and the jury should find adversely to its validity, a different question would be presented. But Mr. Watt's counsel in their brief in this court state their contention as being that the will was not inconsistent with his right of curtesy; that they rely on the proviso in section 9; and that the actions of ejectment depend for determination upon the construction of the statute. If they adhere to this position, the defence at law will be adequate. But if they had taken a different position, the present bill would be without equity. It avers that the will is valid and sustained by the decrees of both courts. If that is so, it is idle to enforce a contract for the release of curtesy, since there is no curtesy to release. The bill in that view is prematurely filed. It would be well for the chancellor to modify the decree below so as to leave no doubt that the complainant's rights may be presented by a new bill if and when the proper time comes. We express no opinion as to the points dealt with by the vice-chancellor. In the view we take, no harm can be done the complainants by affirming the present decree. The defendant is entitled to costs in both courts, as he has been brought in the present proceeding unnecessarily.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.